This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40723

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BRIAN SIZEMORE a/k/a BRIAN
EUGENE SIZEMORE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Benjamin Cross, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant maintains that there is insufficient evidence to revoke his probation. [MIO 4] Defendant continues to argue that the

evidence was insufficient to support his revocation because it was possible that he showed up to the probation office as ordered without signing the sign-in sheet and that he may have been seen by other officers. [MIO 5] However, as we explained in our notice of proposed disposition, the State offered testimony from Defendant's probation officer that Defendant did not show up as ordered. [CN 3] Defendant had an opportunity to cross-examine the probation officer on any perceived weaknesses or inconsistencies in the testimony, and we reiterate that this Court does not reweigh the evidence on appeal *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (noting that this Court does not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict); *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (explaining that it is for the jury to resolve any conflicts and determine weight and credibility in the testimony). Consequently, we conclude that the revocation of Defendant's probation was supported by sufficient evidence.

**{3}** Defendant also maintains that it was error for the district court to allow Defendant's probation officer to testify to knowledge or statements of other compliance officers [MIO 6] and that Defendant's revocation was the result of cumulative error [MIO 8]. Defendant has failed, however, to assert any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the revocation of Defendant's probation.

**{5}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**